UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-05214-FWS-AYP Date: November 24, 2026
Title: Daroya Isaiah v. Mercedes-Benz USA, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]**

Before the court is Plaintiff Daroya Isaiah's Motion to Remand. (Dkt. 13 ("Motion" or "Mot.").) Defendant Mercedes-Benz USA opposes the motion, (Dkt. 15 ("Opposition" or "Opp.")), and filed a Request for Judicial Notice in Support of its Opposition, (Dkt. 16 ("Request" or "Req.")). Plaintiff filed a reply in support of the Motion. (Dkt. 18 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **December 10, 2026**, is **VACATED** and **OFF CALENDAR**. Based on the record, as applied to the relevant law, the Motion is **DENIED.**

## I. Background

"On January 1, 2022, Plaintiff acquired a certified pre-owned 2021 Mercedes-Benz … in California." (Dkt. 1-1 ("Complaint" or "Compl.") ¶ 6.) Plaintiff alleges that Defendant made numerous representations and warranties about the state of the vehicle which "Plaintiff relied on … in selecting the vehicle." (*Id.* ¶¶ 7–10.) However, despite these representations, Plaintiff alleges that "[t]he Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but

not limited to defects relating to the Electrical, the Engine, and the Transmission systems." (*Id.* ¶ 11.)

As a result, Plaintiff filed this action against Defendant in San Bernardino County Superior Court on August 3, 2026. (Mot. at 4.) Plaintiff alleges three violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song Beverly Act"). (Compl. ¶¶ 27–67.)

On September 9, 2026, Defendant removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1 ("Notice of Removal") at 2–3.) Defendant alleges removal was proper because complete diversity exists between Plaintiff—a California resident—and the remaining Defendant—"a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia" and with only one member who is "a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan." (*Id.*) Defendant also alleges that Plaintiff's Complaint established the requisite amount in controversy because Plaintiff seeks compensatory damages, statutory civil penalties, consequential and incidental damages, costs of the suit and reasonable attorney's fees, restitution, punitive damages, and pre-judgment interest that could amount to damages of $438,240.12. (*Id.* at 4; Compl., Prayer for Relief.)

Plaintiff filed the instant Motion to remand this action to state court, arguing Defendant's Notice of Removal failed to demonstrate the amount in controversy required for diversity jurisdiction by a preponderance of the evidence. (Mot. at 5.) Defendant opposes the motion and requests that the court take judicial notice of eight cases in support of its Opposition to the Motion. (Req. at 2-3.)

## II. Defendant's Request for Judicial Notice

The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-05214-FWS-AYP Date: November 24, 2026
Title: Daroya Isaiah v. Mercedes-Benz USA, LLC *et al.*

supplied with the necessary information." Fed. R. Evid. 201(c). Courts cannot take judicial notice of facts subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.11 (2007) ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

Defendant requests that the court take judicial notice of the following eight exhibits, marked as Exhibits A–H, in support of its Opposition to the Motion:

i. Judgment on Jury Verdict, *Israel Gonzales et al v. MercedesBenz USA, LLC*, Superior Court of California, County of Los Angeles, Case No. SC128379 (Dkt. 16, Ex. A);
ii. Order on Motion for Attorneys' Fees, *Greg Davis et al v. Mercedes-Benz USA, LLC*, Case No. 2:21-cv-0174-KJM-KJN, Dkt. 36 (E.D. Cal. 2022) (Dkt. 16, Ex. B);
iii. Order on Motion for Attorneys' Fees, *Israel Gonzales et al v. Mercedes-Benz USA, LLC*, Superior Court of California, County of Los Angeles, Case No. SC128379 (Dkt. 16, Ex. C);
iv. Order on Motion for Attorneys' Fees, *Frederick Jurosky v. BMW of North America*, Case No. 3:19-cv-00706-JM-BGS, Dkt. 70 (S.D. Cal. 2020) (Dkt. 16, Ex. D);
v. Order on Motion for Attorneys' Fees, *Zagarian v. BMW of North America*, Case No. 2:17-cv-05061-DMG-PLA, Dkt. 136 (C.D. Cal. 2019) (Dkt. 16, Ex. E);
vi. Order on Motion for Attorneys' Fees, *Jerry Zomorodian v. BMW of North America*, Case No. 3:19-cv-00706-JM-BGS, Dkt. 70 (C.D. Cal. 2020) (Dkt. 16, Ex. F);
vii. Order on Motion for Attorneys' Fees, *Catherine Shepard v. BMW of North America*, Case No. VC622506, Superior Court of California, County of Los Angeles (Dkt. 16, Ex. G); and
viii. Order on Motion for Attorneys' Fees, *Rigoberto Ramos v. Mercedes-Benz USA, LLC et al.*, Case No. BC608910, Superior Court of California, County of Los Angeles (Dkt. 16, Ex. H).

The Ninth Circuit "has recognized public records, including judgments and other court documents, as proper subjects of judicial notice." *Guzetta v. Ford Motor Co.*, 2022 WL 1044173, at *2 (C.D. Cal. Apr. 5, 2022) (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). However, when the court takes notice of judicial records, it may only consider "the existence of the opinion, which is not subject to reasonable dispute over its authenticity" rather than "the truth of the facts cited therein". *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-47 (3rd Cir. 1999)).

In this case, the court notes that Exhibits A-H are each court's opinions. Based on the state of the record, as applied to the applicable law, the court **GRANTS** Defendant's unopposed, (*see generally* Dkt.), Request for Judicial Notice of Exhibits A-H as to "the existence of [each] opinion," but not as to "the truth of the facts cited therein." *Lee*, 250 F.3d at 690.

## II. Plaintiff's Motion to Remand

### a. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. October 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-05214-FWS-AYP Date: November 24, 2026
Title: Daroya Isaiah v. Mercedes-Benz USA, LLC *et al.*

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996)). By contrast, if the amount in controversy is unclear from the face of the complaint, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *See Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson,* 319 F.3d at 1090 (internal quotation marks and citation omitted).

**b. Discussion**

Here, Plaintiff does not meaningfully contest that complete diversity exists in this case. (*See generally* Mot.; Opp. at 1.) However, Plaintiff argues that this court lacks subject matter jurisdiction because Defendant has not sufficiently demonstrated that the amount in controversy exceeds $75,000. (Mot. at 5.) The court will first assess Defendant's burden of proof based on the allegations in the Complaint.

**1. The Applicable Burden of Proof**

Defendant first argues the jurisdictional threshold is presumptively satisfied because Plaintiff's Complaint clearly alleges more than $75,000 in damages on its face. (*See* Opp. at 2–3.) Specifically, Defendant points to Plaintiff's request for a "civil penalty in the amount of two times Plaintiff's actual damages," which is the "maximum amount" under the Song Beverly Act. (*See* Compl., Prayer for Relief; Opp. at 3); Cal Civ. Code § 1794(c) ("If the buyer establishes that the failure to comply was willful, the judgment may include … a civil penalty which shall not exceed two times the amount of actual damages."). Noting that Plaintiff requests "rescission of the contract and restitution of all monies expended," (Compl., Prayer for Relief), and that the sale price of the vehicle was $146,080.04, (Dkt. 1-2), Defendant argues that Plaintiff's Complaint, on its face and "without any consideration of claimed incidental or consequential damages" or attorney fees, seeks $438,240.12; i.e., restitution of the total sales price plus twice the sales price in civil penalties, before any offsets or reductions. (Opp. at 3.) In response, Plaintiff counters that Defendant's calculation is "based on pure conjecture and speculation," (Mot. at 6), because Plaintiff's Complaint contains no fixed figure for damages in the Prayer for Relief. (*See generally* Compl.) Indeed, the only reference that Plaintiff's Complaint makes to a fixed figure of damages is to note that "[t]he amount in controversy exceeds THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), exclusive of interest and costs." (*Id.* ¶ 21.)

The court finds that the Complaint does not clearly demonstrate that the amount in controversy exceeds $75,000. Where, as here, there is no amount of damages stated in the Prayer for Relief, but only a figure stated in the body of the Complaint, courts have routinely held that such a complaint does not allege an amount in controversy on its face sufficient to meet the jurisdictional threshold. *See, e.g.*, *Guglielmino*, 506 F.3d at 701 (holding that "because

the allegation[s] [in the complaint were] not repeated in the Prayer for Relief … the complaint fails to allege a sufficiently specific total amount in controversy"); *Plouffe v. Mercedes-Benz USA LLC*, 2026 WL 986309, at *4 (C.D. Cal. Apr. 13, 2026) ("[T]he Ninth Circuit has held that where, as here, a damage estimate is articulated in the body of the complaint and not repeated in the Prayer for Relief the complaint fails to allege a sufficiently specific total amount in controversy for the legal certainty test to be applied.") (cleaned up); *Bourland v. Ford Motor Co.*, 2020 WL 5797915, at *3 (N.D. Cal. Sep. 29, 2020) (holding that "because no such specific allegation [as to damages] is repeated in the Prayer, this Court must apply the preponderance of the evidence standard"). Because the amount in controversy is unclear, the court finds Defendant must establish the jurisdictional threshold by a preponderance of the evidence. *See Guglielmino*, 506 F.3d at 699.

**2. Preponderance of the Evidence Test**

In order to discharge its burden of establishing the amount in controversy by a preponderance of the evidence, Defendant relies on largely the same argument as above: that the Complaint requests $146,080.04 in restitution based on the total price of the sales contract, plus twice that amount in civil penalties totaling $438,240.12, plus additional damages including attorney fees. (Opp. at 3.) The court only addresses the theory of actual damages, because, as stated more fully below, the amount of actual damages in controversy is sufficient to clear the jurisdictional threshold.

Under the Song-Beverly Act, a plaintiff may recover restitution in the "amount equal to the actual price paid or payable by the buyer," minus the "amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Here, Defendant principally uses the latter amount—the price payable by the buyer, i.e. the total contract price of $146,080.04. Defendant then reduces this amount via a mileage offset by (1) subtracting the Vehicle's mileage at the time of purchase from the Vehicle's mileage at the time of Plaintiff's first warrantable concern (23,159 miles – 4,672 miles); (2) dividing that amount by 120,000; and (3) multiplying that number by the Vehicle's total cash purchase price, or $99,988.00. (*Id.* at 4.) Defendant maintains that the resulting mileage offset is $15,403.98. (*Id.*) After subtracting the mileage offset from the lease price, Defendant estimates Plaintiff's actual damages to be $130,676.06.

(*Id.*) Defendant then further notes that, even under the "amount equal to the actual price paid" by the buyer, Plaintiff has thus far made "payments totaling $118,306.49" and that, "accounting for the mileage offset, the payments to date total $102,902.51." (*Id.* at 5); Cal. Civ. Code § 1793.2(d)(2)(B)-(C). As evidence of the above, Defendant points to the sales contract between the parties, (Dkt. 1-2 ("Sales Contract")), and the Declaration of Mehgan Gallagher, (Dkt. 15-1).

The court finds that Defendant has adequately shown actual damages of over $75,000 by a preponderance of the evidence. Specifically, the court has considered the details regarding the payments Plaintiff has made thus far, including facts detailing when the Sales Contract went into effect, the amount due under each of monthly installment, the amount of monthly installments paid since the contract went into effect, and, of course, the Sales Contract itself. (*See* Sales Contract at 1–2, Opp. at 4–5.) Given this evidence, and including the milage offset, the court finds that Defendant has demonstrated, by a preponderance of the evidence, that, at minimum, Plaintiff is requesting actual damages totaling $102,902.51. This figure is not "complete conjecture and speculation," (Reply at 4); but is sufficiently definite for the court to find that the amount in controversy is over $75,000 by a preponderance of the evidence. *See, e.g.*, *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. Jun. 8, 2017) (denying a motion to remand and finding the actual damages in controversy to be adequately proven by a preponderance of the evidence where, like here, Defendant submitted the amount paid on a sales contract and reduced it by a milage offset); *Sosa v. Nissan N. Am., Inc.*, 2025 WL 2938075, at *2–3 (C.D. Cal. Oct. 16, 2025) (rejecting the plaintiff's argument that the actual damages calculation was "speculative" where, like here, the defendant "identif[ied] the vehicle purchase price" and offsetting that price via certain reductions); *Fausto v. Ford Motor Co.*, 2026 WL 1471863, at *3–4 (C.D. Cal. May 22, 2026) (rejecting the plaintiff's argument that actual damages were "speculative" where, like here, the complaint only alleged that the total damages exceeded $35,000, and where, like here, the defendant "thoroughly guides the Court through its actual damages calculation" by identifying the sale price and doing a statutory miles offset calculation); *accord Ghayaisi v. Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (granting remand because, unlike here, "Defendant present[ed] no facts regarding how many payments were actually made on the installment contract.").

Further, because Defendant's arguments regarding actual damages are more than enough to clear the jurisdictional threshold of $75,000, the court finds it unnecessary to resolve the parties' dispute over whether Plaintiff's requests for civil penalties, attorney fees, and various other damages can be properly considered at this stage. (*See* Compl., Prayer for Relief; Mot. at 7; Opp. at 5–9; Reply at 3–4.)

## III. Disposition

For the reasons set forth above, the Motion is **DENIED**.